*1236 OPINION.
Littleton:
The first issue as to the claimed deduction for obsolescence of good will, trade-brands, etc., is decided in favor of the Commissioner on the authority of Red Wing Malting Co. v. Willcuts, 15 Fed. (2d) 626; Manhattan Brewing Co., 6 B. T. A. 952; Frederick C. Renziehausen, 8 B. T. A. 87; affd., 31 Fed. (2d) 675.
During the taxable year petitioner paid a fine of $6,035 for violation of Federal laws regulating the interstate shipment of intoxicating liquors, and it is insisted on behalf of petitioner that such fine represented an inherent hazard of the business and constituted an ordinary and necessary expense incident to the carrying on of its business and is, therefore, a proper deduction from gross income. The claim is without merit. Payments of fines and penalties do not result from ordinary and necessary acts incident to the lawful conduct of the business, but from violations of the law, and are not deductible as an ordinary and necessary business expense. The action of the Commissioner in disallowing the amount claimed as a deduction is approved. Columbus Bread Co., 4 B. T. A. 1126; Great Northern Railway Co., 8 B. T. A. 225; Atlantic Terra Cotta Co., 13 B. T. A. 1289.
As to the attorney’s fee of $21,526.08, we are of the opinion that the petitioner is entitled to a deduction on account thereof. The Commissioner disallowed the deduction of any portion of this fee upon the ground that the fee provided in the contract was a contingent one and that it was not definitely determinable within the taxable year 1919. No question is raised as to the propriety of the deduction as a proper business expense. The attorney was employed after the taxpayer had made its return for 1918 showing a large tax for that year, in the belief that by proper presentation and prosecution of certain claims in respect of its 1918 tax liability a reduction in the tax shown on the return could be obtained and that a considerable saving to the petitioner would thereby be effected. In September, 1919, peti-(ioner received advice from the Treasury Department of its determination in respect of its 1918 tax and actually received a check for refund of a portion of the total tax which had already been paid. When this occurred all the events necessary under the terms of the contract had happened so as to fix the amount of the attorney’s fee and to enable the computation thereof. This was done and the amount of the fee determined in accordance with the contract, totaling $21,526.08, was accrued on petitioner’s books as an expense for the year 1919. Petitioner paid a portion of this fee to the attorney at various times subsequent to the receipt of the refund check, but before the fee had been entirely paid the Commissioner, subsequent *1237 to his determination and the making of the refund, reconsidered the case and made adjustments in petitioner’s income for the year 1918 and notified it of an additional tax. The first notice of this adjustment was given the petitioner by the Commissioner on March 4, 1924, and, since petitioner had not fully paid the fee to its attorney, made an adjustment thereof as indicated in the findings of fact which reduced the same to $19,818.31, which it paid.
Although petitioner was justified in entering upon its books as a liability the total amount of the fee computed upon the basis of the Commissioner’s determination of its tax liability at that time for the year 1919, in view of the fact that petitioner’s tax liability for the year 1919 is now before us for determination and in view of the fact that petitioner adjusted the accrued item for attorney’s fee upon its books and has finally settled the same by payment of a lesser amount than that originally entered upon the books, the amount of $19,818.31 finally determined should be allowed as a deduction from income for the year 1919. Cf. Producers Fuel Co., 1 B. T. A. 202; Josiah Wedgwood & Sons, Ltd., 3 B. T. A. 355.
The invested capital of petitioner should not be reduced on account of a tentative tax computed in determining earnings available for the payment of dividends on June 14, 1919. L. S. Ayers & Co., 1 B. T. A. 1135. In any event, the evidence in this proceeding shows that the current earnings to the dividend date were more than sufficient to pay the same.
Petitioner abandons the last assignment of error with reference to the reduction of invested capital on account of income and profits tax for prior years.

Judgment will Toe entered under Rule 50.