## CLINTON COAL CO. v. UNITED STATES.
### No. L–107.

Court of Claims.
Feb. 5, 1934.

Lowndes C. Connally, of Washington, D. C. (Schuyler C. Mowrer, of Indianapolis, Ind., and Maurice Kay and William A. Neacey, both of Washington, D. C., on the brief), for plaintiff.

Charles B. Rugg, of Boston, Mass. (Charles R. Pollard and D. Louis Bergeron, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff brings this suit to recover $43,927.65, being a portion of the overassessment of its income and profits tax for the year 1918 which was applied against an additional assessment timely made of tax for the year 1917, with interest.

The case before the court is one in which, the Bureau of Internal Revenue having had under consideration the amount of plaintiff's taxes for the years 1916 to 1920, inclusive, the Commissioner notified plaintiff by letter that he had determined that $53,973.35 additional taxes were due for 1917 and that there was an overassessment for 1918 of $73,925.53. In the same letter plaintiff was advised of other adjustments on its taxes which are not necessary to be considered here. The plaintiff then referred the matter to its duly authorized attorney, Charles A. Crawford. Crawford had a conference with the collector in charge of the collection of these taxes and certain communications passed between them. In this conference and by letters to the collector the attorney for plaintiff requested the collector "to hold up action upon the above items [meaning plaintiff's taxes under consideration], until the certificates are received from Washington and the whole matter closed." This same request was repeated in different communications and different forms, and the collector answered that the collection of these amounts would be held in abeyance in accordance with the request. Later, and on February 19, 1924, the Commissioner made an additional assessment for 1917 in the amount of which the plaintiff had been before notified ($53,973.35), and also a small additional assessment for the year 1920, and directed the collector to withhold demand pending comparison with the schedule of overassessments. This assessment was in time, and there was nothing to prevent its collection except the agreement above shown. On February 25, 1924, the Commissioner approved the schedule of overassessments showing an overassessment of plaintiff's taxes for the year 1918 in the amount of $73,925.53, and sent the same to the collector with instructions to apply the overpayment as a credit against taxes due, if any, which was accordingly returned to the Commissioner by the collector showing that of the said overassessment in the amount of $73,925.53, $29,997.88 had been applied as a credit against the unpaid original tax for 1920 and the balance of $43,927.65 against additional assessment for the year 1917 in the amount of $53,973.35, leaving $10,045.70 still due thereon. Before the schedule was signed, the collector had sent to plaintiff a notice and demand for the balance of the 1917 taxes as above stated which the plaintiff shortly after paid, and thereafter and on June 4, 1924, the Commissioner signed the schedule of refunds and credits transmitted to him by the collector.

The record as a whole shows that the plaintiff for its own convenience all through these transactions was requesting that the collection of its taxes be held up and that all of them be adjusted in one final transaction, and that the matter was carried to a conclusion in accordance with its request. At the time, the plaintiff expressed its appreciation and paid the amount still remaining on its 1917 taxes. After having thus confirmed the transaction no further objections were made until more than five years afterwards when it filed the claim for refund of $43,927.65 for the year 1918 upon which the suit is now brought.

It is urged on behalf of plaintiff that these communications and agreements were had and made with the collector and not with the Commissioner. It is not necessary to here lay down any general rule with reference to the effect of communications made to a United States collector of taxes or agreements made with him. It is sufficient to say that in this particular case we find that the collector had full charge of the matter of collecting these

taxes subject to special directions from the Commissioner of Internal Revenue. By the negotiations and agreement entered into with the collector made at a time when the tax could be collected, the plaintiff succeeded in having the collection postponed, and, the arrangement which it had requested having been carried out by the defendant, it cannot now be heard to complain thereof.

In view of the recent decisions of this court, it will not be necessary to state herein further reasons why the plaintiff cannot maintain its action. If any be sought, reference is made to the cases of Naumkeag Steam Cotton Co. v. United States, 2 F. Supp. 126, 76 Ct. Cl. 687, certiorari denied 289 U. S. 749, 53 S. Ct. 694, 77 L. Ed. 1495, R. H. Stearns Co. v. United States, 290 U. S. —, 54 S. Ct. 325, 78 L. Ed. —, decided Jan. 8, 1934, affirming the decision of this court, 2 F. Supp. 773, and the opinion in the case of Samuel Daube v. United States (Ct. Cl.) 5 F. Supp. 769, this day rendered, all of which show that the plaintiff is estopped under the circumstances from maintaining its action. We might also add that under the rule laid down in the last-named decision the plaintiff's action is barred, no claim for refund having been filed in time in view of the fact that the evidence shows there was no account stated.

Defendant also bases a defense on the fact that what is called "Form 368–M" was attached to the schedule of overassessments, but we do not find it necessary to consider this matter.

Plaintiff's petition must be dismissed. It is so ordered.

BOOTH, Chief Justice, and WHALEY and WILLIAMS, Judges, concur.

LITTLETON, Judge, concurs in the result.