### PRATT & WHITNEY CO. v. UNITED STATES.
### No. K–169.

Court of Claims.
April 9, 1934.

Karl D. Loos, of Washington, D. C. (Preston B. Kavanagh, of Washington, D. C., on the brief), for plaintiff.

J. H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff in this case seeks to recover $316,701.25 with interest (altogether about a half million dollars) overpaid on the taxes of 1918 and applied by the Commissioner on a deficiency in its taxes for 1917, the collection of which at the time of the application was barred by the statute of limitations. A claim for refund on the taxes of 1918 was filed on June 24, 1921, and thereafter the Commissioner made an audit and review of plaintiff's taxes for the years 1915 to 1919, inclusive, and as a result, among other things, determined a deficiency for the calendar year 1917 in the sum of $316,701.25, an overassessment for the year 1918 in the sum of $495,-833.12, and advised the plaintiff thereof by letter on November 4, 1922. The deficiency for 1917 was assessed in January, 1923.

The Commissioner thereafter proceeded in the usual manner to make a certificate showing this overassessment, which was sent to the collector with directions to ascertain the condition of the account against the plaintiff for taxes, apply the overassessment upon any taxes found to be due for other years, complete the schedule and return it. This the collector did, and his certificate showed the amount of $177,041.92 refundable. In accordance with the collector's certificate and about June 1, 1923, the Commissioner mailed to the plaintiff a certificate of overassessment for the year 1918 in the sum of $495,833.12 which also showed that the overassessment was applied on three different items totaling $318,791.20 as credits upon taxes due for other years, leaving $177,041.92 refundable. A check on the Treasury was inclosed with the certificate in payment of the amount refundable together with interest in the sum of $36,-638.21. This check was received by plaintiff and cashed.

We have here the same situation which has appeared in many cases recently before us. The certificate mailed to plaintiff was not made up in the ordinary form of an account, but it was in fact nothing more or less than a statement of the account between plaintiff and defendant with reference to plaintiff's taxes for certain years. It showed the amount of the overassessment for 1918 and by appropriate reference that a large part of it had been applied and credited upon taxes for other years in three separate items, one of which was $316,701.25 taxes of 1917, and that the balance which the government claimed was due the plaintiff was $177,041.-92 which, together with interest thereon in the amount of $36,638.21, or a total of $213,-680.13, was paid in settlement. The plaintiff made no complaint about the transaction until more than five years afterwards, when through its attorneys it made a demand upon defendant for the amount which had been credited on the 1917 taxes and nearly six years expired before suit was begun to recover the amount thereof.

Notwithstanding the recent decisions of the court, which, in our opinion, fully cover the case now before us, the plaintiff insists that the recital of the overassessment contained in the certificate constituted an account stated in its behalf for the amount of the overassessment. We have held many times that, when an account is presented, a party thereto cannot select one or more items stated in his favor therein and ignore charges made against him even though those charges be not well founded, and that an account stated must be taken as a whole or not at all. In this particular case, the account showed a balance of a certain amount in favor of plaintiff for which it received a check issued in settlement. No complaint having been made with reference thereto for over five years, it must be considered an account settled. Cf. R. H. Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. ——.

The plaintiff, however, seeks to recover on another and novel ground which, in our opinion, is equally unfounded. It is insisted that, if it does not have the right to recover on an account stated the cause of action was still in time for the reason that plaintiff's claim for refund filed June 24, 1921, was not rejected until the Commissioner of Internal Revenue declined to comply with the demand for the return of the amount credited on the 1917 taxes made by its attorneys through a letter dated August 23, 1928, and that the statute of limitations on claims for refund did not

begin to run until that date. Nevertheless, it is said in argument that the claim for refund was at first allowed. It is thus conceded, as it must be, that action was taken upon the claim for refund. It is not necessary that any particular form should be used by the Commissioner in allowing or rejecting a claim for refund. In, the instant case, after the claim for refund had been filed, the Commissioner made an audit and review of plaintiff's taxes in order to determine whether in fact they had been overpaid as was alleged in the claim for refund. He found and determined that the taxes for 1918 had been overpaid, or, as stated in the language of the Bureau, there had been an "overassessment" thereof. Having also determined a deficiency in the 1917 taxes, he applied part of the overpayment thereon and refunded the balance. All this was shown by the certificate of overassessment in the manner above stated. When the Commissioner computed the amount of refund to be made the plaintiff and paid it, he allowed the claim for refund to that extent. When, instead of refunding the remainder of the overpayment to plaintiff, he credited it upon the taxes of other years, he rejected the claim for refund to the extent of these credits. Section 3226 of the Revised Statutes, as amended by section 1113 (a) of the Revenue Act of 1926 (26 USCA § 156), requires that a suit to recover a tax collected shall not be begun after the expiration of five years from the date of the payment of such tax, "unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates." The claim for refund alleged that there had been an overpayment of the 1918 taxes. If, after the filing of this claim, the Commissioner had announced that he had considered the matter and determined that there was no overpayment, we do not think any one would claim that suit could not then be begun. In the case at bar, after consideration and having found that there was an overpayment, he announced that part of this overpayment would be credited on taxes for other years. This was in effect a disallowance of the part of the claim to which the suit relates and the provisions of section 3226 became applicable.

The plaintiff contends that no cause of action accrued until the enactment of the Revenue Act of 1928 which declared that a credit made after the expiration of the statute of limitations was void and might be refunded in the same manner as any other overpayment. But we have already shown that plaintiff's claim for refund was disallowed in part on June 1, 1923, when the certificate was issued and that a cause of action then arose which under section 3226 must be begun within two years, and this leaves no foundation for plaintiff's position. The 1928 act did not repeal section 3226, nor did it in any manner limit its provisions with reference to the time in which suit must be begun.

Counsel for plaintiff also contend that the fact that the Commissioner found the overassessment constituted an allowance of the claim and a promise to pay the amount thereof and that the suit is based on the promise. This is merely a statement in another form that the determination of the overassessment constituted an account stated in favor of plaintiff to the amount of the overassessment. There is no basis for this contention. The action of the Commissioner in allowing the overassessment, crediting part of it on the taxes of other years and refunding the balance, was all one transaction and cannot be separated. The Commissioner did not merely allow the overassessment; he determined it, and by the same determination announced that a part of it would not be refunded. Moreover, we have found as an ultimate fact that there is no evidence showing or tending to show any promise or agreement to pay the plaintiff any other sum than the amount which was refunded.

For the reasons above set forth, we hold that the separate item of the overassessment contained in the certificate did not constitute an account stated upon which plaintiff could bring a suit within six years, and that plaintiff having failed to bring its suit within two years after the certificate of overassessment and statement of account was issued, its action is barred under section 3226 of the Revised Statutes.

In support of the conclusions above stated with reference to an account stated, see R. H. Stearns Co. v. United States, supra, Leisenring v. United States, 3 F. Supp. 853, 78 Ct. Cl. —— (certiorari denied 54 S. Ct. 558, 78 L. Ed. ——), and Samuel Daube v. United States (Ct. Cl.) 5 F. Supp. 769 (decided February 5, 1934).

It is clear that plaintiff's petition should be dismissed and it is so ordered.

BOOTH, Chief Justice, and WHALEY, WILLIAMS, and LITTLETON, Judges, concur.