**CHURCHILL et al. v. WELCH, Collector of Internal Revenue.**

No. 5757–M.

District Court, S. D. California, Central Division.

Oct. 30, 1934.

Todd W. Johnson and Philip D. Johnston, both of Los Angeles, Cal., for plaintiffs.

Peirson M. Hall, U. S. Atty., Hugh L. Dickson, Asst. U. S. Atty., Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, and Alva C. Baird, Asst. U. S. Atty., all of Los Angeles, Cal., for defendant.

McCORMICK, District Judge.

This is an action for the refund of federal income taxes paid for the period January 1, 1930, to April 9, 1930, by the plaintiff executors on behalf of their testatrix, under applicable provisions of the Revenue Acts of 1926 and 1928, respectively.

The cause has been submitted upon an agreed statement of facts. They may be epitomized as follows:

Alice E. Burton died April 9, 1930. Prior to March 1, 1913, she owned real property in Rochester, N. Y. The cost of such property to her on March 30, 1925, was $69,725.85. Upon that date she entered into a contract for the sale of the property for a total consideration of $220,000. She gained a net profit on account of the contract of $150,274.15. The agreement of sale provided that the purchase price was to be met as follows: $50,000 cash on March 30, 1925; $25,000 cash on March 30, 1926, and March 30, 1927, respectively. The seller was to deposit a warranty deed to the property in escrow when the first $100,000 of the purchase price was paid in cash. The buyer was to give a bond and mortgage for the $120,000 balance when the deed was delivered to him. The deed was executed April 22, 1926, and deposited in an escrow May 17, 1926, where it remained until some time in 1927. In 1925 the form of the required bond and mortgage was approved by the seller, and on March 30, 1927, the warranty deed was delivered to the buyer and the bond and mortgage was delivered to the seller. All cash payments in 1925, 1926, and 1927 were made by the purchaser at the times specified in the contract. In each of the above three years the decedent reported as income in her personal federal income tax return that proportion of cash actually received pursuant to the contract of sale which the profit on the entire sale price bore to the cash actually received in each said year. She re-

ported no profit or income for taxation upon receipt of the bond and mortgage in 1927, and the defendant collector accepted the returns as filed for each of these years so far as this transaction was concerned.

At the date of the taxpayer's death, April 9, 1930, the bond and mortgage had a fair market value of $115,200. In the return filed for the calendar year 1930 the executors of the decedent reported a profit from this source of $77,167.72. It was upon this amount that a tax at the rate of 12½ per cent. was computed. This tax was paid by the executors under protest. A claim for refund was subsequently regularly filed. This claim has never been rejected, and apparently no action was taken thereon. Thereafter this cause was filed.

The brief of plaintiffs states the two issues for decision as follows:

(1) Was any income derived by Mrs. Burton from said sale taxable to her as realized within the period in 1930 which ended at her death?

(2) If section 44 (d) of the Revenue Act of 1928 (26 USCA § 44 (d) and note) is properly construed to require the taxation as income realized within the period in 1930 which ended at Mrs. Burton's death of an unrealized profit from a sale consummated in 1927 (before said Revenue Act was passed and before the effective date thereof), is said section 44 (d) unconstitutional and void?

In my opinion the first question should be answered in the affirmative, and the second question should be answered in the negative.

I shall briefly assign reasons that support the opinion stated.

■ Preliminarily it should be observed that I find no merit in the contention of the defendant collector that because no expressed rejection or disallowance of the claim for refund has been shown that the taxpayer has no right to sue. The tax was paid under protest on March 14, 1931. The claim for refund was regularly filed with the collector on July 2, 1931. The executors waited over a year without avail for action by the officers or agents of the government before they filed the complaint herein on March 9, 1932. The same collector to whom the tax was paid was still in office when the action was filed. He is made defendant. The statute under which this action is brought provides that no suit shall be begun before the expiration of six

months from the date of the filing of a claim, unless the commissioner render a decision thereon within that time. 26 US CA § 156 (see 26 USCA §§ 1672–1673). There is also a period specified in the statute within which suit must be filed. This period is not material in this case. If the contention of defendant were adopted, the result in many cases would be that mere continued inaction by the officers and agents of the government could operate to defeat the right of the taxpayer to sue for a refund of taxes illegally collected. Such a claim does not appeal to this court. See Elmhurst Inv. Co. v. U. S. (D. C.) 24 F. (2d) 561.

■ It is indisputable that the taxpayer, Mrs. Burton, procured a net profit of $150,-274.15 on the sale of this Rochester real property, and it must be conceded that she paid taxes upon no more than $68,306.43 of such profit prior to the period of January 1, 1930, to April 1, 1930. A balance of $77,167.72 of her profit was represented by the bond and mortgage, and this item had not been reported by her for taxation. It is clear to me from section 213 (a) of the Revenue Act of 1926 (26 USCA § 22 note), and sections 21 and 22 (a) of the Revenue Act of 1928 (26 USCA §§ 21, 22 (a) and notes), that this balance of $77,167.72 constituted taxable income of Mrs. Burton. Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570.

The executors of Mrs. Burton contend that Mrs. Burton should have been compelled by the defendant to pay income tax on the net gain in 1927, upon such portion of the profit realized by her in that year as was represented by the bond and mortgage, and that therefore it was not proper for the government to tax her in the year 1930 upon profit which she had received and should have been taxed upon in 1927. In other words, it is contended that the transaction concerning the Rochester property became a completed sale in 1927. But her conduct in 1925, 1926, and 1927, relating to her income tax obligations, does not indicate that she regarded the transaction as a completed sale. She was making her returns on the cash receipt and disbursement basis. She elected to report the transfer on the installment sale basis in each of those years, and she failed to include in such report in 1927 any profit on the receipt of the bond and mortgage that occurred during that year. I think she should be held to her election [Alameda Investment Co. et al.

v. McLaughlin (C. C. A. 9), 33 F.(2d) 120], and that neither she nor her executors should be permitted to invoke a period of limitations to defeat the tax which she and her executors acknowledge was owing to the government, and the collection of which in 1927 was prevented solely by the positive act and conduct of Mrs. Burton. See Stearns Co. v. United States, 291 U. S. 54, 61, 54 S. Ct. 325, 78 L. Ed. 647; Ross v. Commissioner of Internal Revenue, 30 B. T. A. 496, decided April 26, 1934.

Section 44 (d) of the Revenue Act of 1928, 26 USCA § 2044 (d) (see 26 USCA § 44 (d) and note), reads: "(d) Gain or loss upon disposition of installment obligations. If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange —the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition. * * * The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full."

█ The Revenue Act of 1926, which applied to and affected the sale of the Rochester real property by Mrs. Burton in 1925, gave her the privilege of paying the income taxes due to the government on her profits from such sale on the installment plan. Section 212 (d) Revenue Act of 1926 (26 USCA § 44 note). Ordinarily, and in the absence of such a permissive statute, she would have been required, at the time of the transactions in 1925, to have paid the entire income tax due by reason of the profit that inured to her because of the sale. There remained unpaid and due from Mrs. Burton the entire income tax upon the profit from the Rochester sale that was represented by the fair market value of the bond and mortgage at the time of her death on April 9, 1930. This obligation or debt had never been discharged, either by her or by operation of law.

The installment of profit shown by the bond and mortgage became transmitted upon the death of Mrs. Burton, and as any further right or privilege to longer defer payment of the income tax on such profit then ceased, it was the duty of Mrs. Burton's executors to return and to pay this tax for the calendar year 1930. Although this obligation of bond and mortgage represented profits from the sale in 1925, it is also true that the obligation itself was transmitted while section 44 (d) of the 1928 act was operative and in effect. There is nothing in said section 44 (d) that requires that the installment obligation that is transmitted by death be one resulting from a sale made subsequent to January 1, 1928, the effective date of this provision of the Revenue Act of 1928. The section clearly states: "If an installment obligation is * * * transmitted * * * gain or loss shall result to the extent of the difference between the basis of the obligation and * * * (2) * * * the fair market value of the obligation at the time of such * * * transmission."

In my opinion, the Board of Tax Appeals in the Estate of Erskine M. Ross v. Commissioner, 29 B. T. A. 227, has correctly and completely disposed of plaintiff's contention that section 44 (d) of the Revenue Act of 1928 is unconstitutional. See, also, Provident Trust Company of Philadelphia, Executor, v. Commissioner, 29 B. T. A. 374; Crane v. Commissioner, 30 B. T. A. 29.