## DODGE v. UNITED STATES.

No. 41915.

Court of Claims.

Nov. 5, 1934.

William E. Leahy and William J. Hughes, Jr., both of Washington, D. C., for the plaintiff.

Brien McMahon, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

WHALEY, Judge.

This is a suit to recover $13,578.17 with interest, a part of an overpayment of $23,-335.56 for 1920 which was applied as a credit on a deficiency of that amount for 1917, the collection of which was barred by the statute of limitations at the time of the application. The deficiency of $13,578.17 for 1917 was timely assessed March 24, 1923, but the statutory period for its collection had expired when the Commissioner applied a part of an overpayment for 1920 as a credit in satisfaction thereof as hereinafter shown. November 28, 1925, plaintiff's decedent filed a timely claim for the refund of $23,335.56, a part of the original tax paid for 1920. Upon consideration of the claim for refund, the Commissioner determined an overassessment of that amount, and on March 3, 1926, signed a schedule of overassessments which he forwarded to the Collector, showing an overassessment in favor of decedent of $23,-335.56. Consistent with the instructions received, the Collector examined the decedent's accounts and found that the entire amount constituted an overpayment for 1920, but that a deficiency of $13,578.17 was outstanding for 1917. The Collector accordingly entered the overpayment of $23,335.56 for 1920 on a schedule of refunds and credits, and showed $13,578.17 of that amount as a credit against the outstanding deficiency for 1917 and the balance, $9,757.39, as refundable.

The schedule of refunds and credits was approved by the Commissioner April 13, 1926, and a check for $9,757.39, together with a certificate of overassessment, was forwarded to the decedent May 26, 1926. The certificate of overassessment was in the usual form and showed that a credit of a part of the overpayment for 1920 had been applied as a credit to the deficiency for 1917 as indicated above and that the balance for which the check was inclosed was refundable.

No objection was made by plaintiff to the foregoing action until April 7, 1932, when this suit was brought seeking the recovery of $13,578.17 of the overpayment for 1920 which had been applied against the deficiency of that amount for 1917, and assigning as a basis therefor that the credit of that amount against the deficiency for 1917 was illegal and void for the reason that at the date of such application the collection of the deficiency for 1917 was barred by the statute of limitations. The situation, on principle, is identical with that presented in Pratt & Whitney Company v. United States, 6 F. Supp. 574, decided by this court April 9, 1934, wherein we held, on the basis of R. H. Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. 647, that an account settled arose on account of the entire transaction and that recovery could not be had of the entire determined overpayment for one of the years without considering a charge against such overpayment of the deficiency for the other year. That is the situation in the case at bar. The fact that the deficiency for 1917 was barred is immaterial. The certificate of overassessment showed an overassessment in favor of plaintiff for 1920, but it also showed an outstanding assessment against plaintiff for 1917, and that only the excess of the overassessment was refundable. Plaintiff accepted the excess amount, and after almost six years brought this suit to recover on the favorable item set out in the account, disregarding the unfavorable item. For reasons fully stated in the cases referred to, this cannot be done. It accordingly follows that the petition must be dismissed. It is so ordered.