**PRATT & WHITNEY CO. v. UNITED STATES.***

No. K–169.

Court of Claims.

March 4, 1935.

Karl D. Loos, of Washington, D. C. (Preston B. Kavanagh and Preston C. King, Jr., both of Washington, D. C., on the briefs), for plaintiff.

J. H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

■ Since the original opinion (6 F. Supp. 574) was rendered, the parties have made a stipulation with reference to certain additional facts material to the decision of the case but not heretofore presented to the court.

Plaintiff has filed a motion for new trial in which amendments to the findings are requested, and the matter of the recovery of the portion of the overassessment for 1918, which was applied upon a deficiency for 1917 is reargued at great length. In the original opinion the court held that plaintiff's claim for refund of the taxes of 1918 was rejected, and it is assumed in argument that the basis of this holding was the validity of the credit. This is an error. The question of whether the claim was rejected does not in any way depend upon the determination of whether the credit was valid and effective. The act of the Commissioner in making the credit, whether valid or invalid, was one of the matters that showed that the claim was rejected. The facts are that the Commissioner had mailed to plaintiff a full itemized statement of its liability for taxes for the years in controversy, as he determined it, in the form of a so-called "certificate of overassessment" which showed a credit upon the taxes of 1917 of the principal sum for which plaintiff now brings suit and also showed the balance due plaintiff which was refunded and accepted. Regardless of how we construe the statute of 1928 (section 609 [26 USCA § 2609]) which declares credits upon barred taxes to be "void," the plaintiff must have understood from the statement of the account and the acts of the Commissioner in relation thereto that the Commissioner refused to pay anything more upon its claim for refund than the amount specified as refundable in the statement of the account with interest thereon and that the remainder of plaintiff's claim for refund was rejected. When the Commissioner informed plaintiff that the part of the overpayment for which suit is now being brought was credited upon taxes of another year, he could not have made any statement that would more definitely inform plaintiff that the claim for refund thereof had been rejected, and, when it was rejected, the statute of limitations began to run. That plaintiff instead of accepting the refund could have refused it and forthwith brought suit for the amount of the credit is so clear as to leave no room for argument or discussion.

It is contended by plaintiff that section 609 (a) of the Act of 1928 (26 USCA § 2609 (a) created a new cause of action. This again is an error. This provision merely declared the status of an improper credit to be that of an overpayment, but it remained subject to all the statutory provisions with reference to the recovery of overpayments. This precise question was in effect determined in the case of R. H. Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. 647, a similar case to the one at bar, except that the payment in settlement of the account was made by the taxpayer instead of the defendant, as was done in the instant case. In the original opinion we said that section 3226 of the Revised Statutes as amended (26 USCA § 156) was not repealed by the Act of 1928, and in the Stearns Co. Case, supra, where the effect of section 609 (a) of the Act of 1928 was being considered, the Supreme Court applied section 3226 to an action for recovery of an overpayment applied upon a barred tax, and held in two different places in the opinion that the limitations provided by section 3226 barred plaintiff's action. Following the rule laid down in the Stearns Co. Case, it is clear that the plaintiff cannot recover the portion of the overpayment which was applied on the 1917 taxes.

■ It is contended, however, by plaintiff that its suit is not only for principal but for interest, and that it had six years in which to bring its suit for interest from the time when its claim was rejected. This may be conceded so far as the limitation on bringing suits for interest is concerned; but it is also argued that plaintiff is entitled to interest for the full period which has elapsed since the overpayment was made down to the present time, notwithstanding there can be no recovery of the principal. This contention ignores our holding in the original opinion on the authority of the Stearns Co. Case that, when the plaintiff accepted the payment of the refund, the whole matter became an account settled by reason of no objection having been made within a reasonable time. Moreover, it was held in the Stearns Co. Case that, notwithstanding the provisions of section 609 (a) of the act of 1928, the application of an overpayment to a deficiency on a barred tax is not always a nullity, and that it was not intended to apply so as to override the doctrine of estoppel. When the plaintiff received the statement of the account together with a check for refund, it had the right to accept or re-

ject the transaction. But, instead of so doing, it accepted the refund and ratified the transaction. Having received and retained benefits thereunder, it was estopped from taking a position inconsistent therewith. 21 C. J. § 207, pp. 1206, 1207. As we held before, the account was settled and the liability for the principal sum was extinguished. Thereafter no interest could be collected thereon for the period ensuing after the settlement was made.

We do not overlook that on March 23, 1927, the Commissioner sent plaintiff some additional interest, thereby acknowledging that the amount of interest had been miscalculated. This also was accepted. No objection was made until this suit was brought, nearly six years after plaintiff received the certificate of overassessment and a refund of $177,041.92, and over two years after the further allowance of interest was paid. We find and hold that the objection was not made within a reasonable time.

The findings as amended show that, even after the second allowance of interest was made and paid, the plaintiff did not receive all the interest that was due on the settlement of its account for taxes of the years in controversy. The plaintiff claims it should at least receive the interest that was due when the settlement was made. The stipulation of the parties filed since the former submission of the case now shows that plaintiff did not receive the full amount then due, evidently because the Commissioner made a mistake in its computation. This point was not considered in the original opinion. Counsel for defendant contends on grounds that are not consistent with what we have said above that no recovery can in any event be had by the plaintiff for any portion of the interest, and also argues that the settlement is conclusive. But an account settled is not conclusive as to its balance where that balance is found through a mistake and where the mistake relates to a certain item the settlement may be corrected without changing the status of the remainder of the account. A correct computation of the interest shows that plaintiff was entitled to $2,399.69 more than it received on the basis under which the Commissioner attempted to calculate it. We think it is entitled to recover that sum notwithstanding the settlement. Cf. Clinton Coal Co. v. United States, 5 F. Supp. 777, 79 Ct. Cl. ——. The case now before us is a peculiar one, and we are unable to find an adjudicated case which presents a similar line of facts except the case last cited in which this matter was not argued nor expressly decided It is apparent, however, that, when the Commissioner after the settlement voluntarily paid plaintiff additional interest, the act was certainly not one of which the plaintiff could complain or urge as a ground for setting aside the settlement whereby the credit on the barred tax was ratified. Nor does plaintiff do so now. Its contention is that there was no settlement, but that, if there was one, it is entitled to interest according to the intention of the parties, and with this last statement we agree.

An order will be entered sustaining the motion for new trial in so far as to set aside the judgment heretofore entered in favor of the defendant and also amending the findings in certain particulars which will appear from the amended findings of fact now made and entered. In accordance with these findings and this opinion, a new judgment will be entered in favor of the plaintiff for the sum of $2,399.69, all of which is so ordered.

BOOTH, Chief Justice, and WILLIAMS and LITTLETON, Judges, concur.

WHALEY, Judge (dissenting).

The Commissioner applied a live credit to a deficiency which was barred and rendered an account stated to the plaintiff showing a balance in his favor. With this account stated before it, and with full knowledge of all items which entered into it and that no interest had been allowed on the credit, the plaintiff accepted the payment of the balance. From then the statement became, not an account stated, but an account settled. The taxpayer knew when the statement was before it that a dead deficiency had been applied to a live credit, and it also knew that no interest had been allowed on the credit as provided by law. Nevertheless, plaintiff accepted the balance as payment. Later on the Commissioner, of his own volition, computed interest on the balance and sent the plaintiff a statement showing how and for what time it had been computed and a check for the amount. The plaintiff had ample opportunity to examine this statement of interest, and, as the Commissioner had opened the account settled, the plaintiff could have demanded the payment of the credit and the interest on the full amount of the credit from time of payment. But, with full knowledge of how both of these accounts

152

had been made and with both before it, the taxpayer accepted the check for the interest. In so doing the taxpayer closed the door of opportunity to challenge the application of the credit to the dead deficiency and to any additional interest. In my judgment, the principle of account settled is plain. No fraud or gross error amounting to bad faith is alleged.

However, if the account settled can be opened to allow additional interest, then it loses its settled status and the credit should be allowed also. In my judgment, the original opinion was correct, and the motion for new trial should be overruled.