## UNITED STATES v. JAFFRAY et al.*
### No. 11023.

Circuit Court of Appeals, Eighth Circuit.
June 27, 1938.

*Rehearing denied July 25, 1938.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is a suit brought by the trustees of the estate of Minnesota and Ontario Paper Company, which is in reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, to recover from the United States overpayments of income taxes for the years 1922 to 1925 inclusive. The case was tried to the court, without a jury, upon an agreed statement of facts, and from a judgment in favor of the trustees, this appeal is taken.

For the years 1922 to 1925, inclusive, the taxpayer[1] made its returns and paid its income taxes to Levi M. Willcuts, Collector of Internal Revenue for the District of Minnesota, who was out of office when this suit was commenced. Timely claims for refund of taxes for each of the four years were filed. As a result of negotiations between the Commissioner and the taxpayer, it was determined that the taxpayer had overpaid its taxes for 1922 by $49,318.77, for 1923 by $29,427.-69, for 1924 by $23,904.23, and for 1925 by $7,800.00; and the Commissioner issued certificates of overassessment so indicating.

For the years 1917, 1918, 1919 and 1920 the taxpayer had negligently understated and underpaid its income taxes. The Commissioner of Internal Revenue had determined a large deficiency for each of those years. The taxpayer filed with the Board of Tax Appeals petitions for redeterminations of the alleged deficiencies. On February 25, 1926, the taxpayer and the Commissioner entered into a stipulation for the determination and assessment of the deficiencies for the years 1917 to 1920, inclusive. The last paragraph of the stipulation read as follows:

"It is further stipulated and agreed that the understatement of the amount of the taxable net income as shown by the returns filed by the taxpayer herein for each of the taxable years 1917, 1918, 1919, and 1920 was due to negligence on the part of the taxpayer but without intent to defraud."

On the same day the Commissioner wrote the taxpayer as follows:

"Confirming the agreement made with the Commissioner of Internal Revenue on

Warren F. Wattles, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for the United States.

Hayner N. Larson, of Minneapolis, Minn. (J. B. Faegre and Cobb, Hoke, Benson, Krause & Faegre, all of Minneapolis, Minn., on the brief), for appellees.

[1] The word "taxpayer" as used in this opinion is intended to cover the Paper Company, its affiliates, and its trustees.

February 24, 1926, you are advised that the amount of the penalty to be assessed against you as the result of the negligent understatement of your tax liability for the taxable years 1917, 1918, 1919, and 1920 will be compromised by accepting a sum equal to 6 per cent per annum on the deficiencies determined and assessed in accordance with the stipulation this date entered into between the taxpayer and the representative of this office, from the date the deficiencies became due and payable to the date of payment."

On February 26, 1926, a further stipulation was entered into in which it was agreed that the deficiencies should be determined by the Board of Tax Appeals in accordance with the stipulation entered into by the taxpayer and the Commissioner on February 25, 1926. On the same day the Board entered in the proceedings relative to these taxes, an order that the tax liability should be so determined.

On March 6, 1926, there was filed with the Board a stipulation that the amount of the deficiency due from the taxpayer for each of the taxable years 1917, 1918, 1919 and 1920 was as follows:

|      | Tax | Penalty |
|------|-----|---------|
| 1917, | $ 489,533.40 | $227,633.03 |
| 1918, | 351,943.48 | 139,897.55 |
| 1919, | 491,360.53 | 165,834.17 |
| 1920, | 920,772.85 | 255,514.46 |
| Total, | $2,253,610.26 | $788,879.21 |

The Board entered three orders, similar in form, determining the deficiencies for the years 1917 to 1920, inclusive. The order relating to the 1917 tax was as follows:

"Now on this sixth day of March, 1926, the above entitled appeal coming on for hearing on the stipulation of the taxpayer and the Commissioner, signed and executed by their respective counsel, and it appearing from said stipulation and other documentary evidence submitted that the true tax liability of the Minnesota & Ontario Paper Co. and its affiliated corporations for the taxable year 1917 is $531,073.65 of which the sum of $41,540.25 has heretofore been paid, and the sum of $801,379.16 has heretofore been assessed, and it further appearing that there is due a penalty of $227,633.03, no part of which has been assessed or paid:

"Now, therefore, it is considered and

"Ordered that the amount of tax deficiency and penalty due from the taxpayer be and the same is hereby redetermined for the year 1917 to be $489,533.40 tax, and $227,633.03 penalty, and that of the tax heretofore assessed there shall be abated the sum of $270,305.51, and the amount of the penalty of $227,633.03 shall be assessed and paid."

The stipulation referred to in the Board's orders was the stipulation last mentioned. The "other documentary evidence" referred to by the Board was a computation which was prepared by representatives of the Commissioner and representatives of the taxpayer, and filed with the Board March 6, 1926. This computation was made in accordance with the stipulation of February 25, 1926, settling the tax liability of the taxpayer for the years 1917 to 1920, inclusive. In this computation the amounts which the Board in its orders refers to as "penalty" are designated as "penalty interest on tax deficiencies" and as "interest". The total amount of "interest" as shown by the computation is $788,879.21. The computation was approved in writing by the taxpayer and also by the Treasury Department.

Pursuant to the orders of the Board of Tax Appeals redetermining the deficiencies agreed to, the Commissioner caused the Collector of Internal Revenue for the District of Minnesota to make demand upon the taxpayer for the payment of the total amount found by the Board to be due for the years in question, which aggregated $3,044,810.77. Of this amount, $1,764,076.86 was the total tax deficiency for the years 1918, 1919, and 1920; $788,879.21 was "penalty" for the years 1917 to 1920, inclusive; and $2,321.30 was additional interest added by the Commissioner for the years 1919 and 1920. The taxpayer paid to the Collector, on March 22, 1926, the full amount demanded.

In its return for the year 1926 the taxpayer deducted from gross income $790,355.20 of the "penalty" and interest included in the amount which it paid to the Collector on March 22, 1926. By taking this deduction the taxpayer showed a net loss for 1926, and the carrying forward of this net loss, as authorized by Sections 117(b) and (e) of the Revenue Act of 1928, 45 Stat. 791, 825, 826,

26 U.S.C.A. § 117 note, left a tax liability of only $1,510.43 for 1927, and of $9,327.46 for 1928. The Commissioner, upon an audit of the taxpayer's returns for the years 1926 to 1928, inclusive, concluded that the deduction by the taxpayer of the "penalty" and interest paid in 1926 was improper, and he determined deficiencies as follows: for 1926, $42,884.00; for 1927, $47,445.12; for 1928, $14,270.13.

This was the situation which existed when, on August 31, 1933, the Commissioner notified the taxpayer that its claim for refund of taxes for the years 1922 to 1925, inclusive, were allowed to the extent indicated by the certificates of over-assessment. The certificates stated that the overpayments allowed would not be refunded, but "credited" to taxes claimed to have been underpaid for other years. The principal of the overpayments for the years 1922 to 1925, inclusive, was credited by the Commissioner upon the alleged deficiencies determined by him for the years 1926 to 1928, inclusive. The interest upon such overpayments the Commissioner credited against withholding taxes claimed to have become due from the taxpayer in 1921, but which, it is now conceded, were not collectible.

The taxpayer thereupon commenced this suit to recover the overpayments for the years 1922 to 1925, inclusive, under Section 24(20) of the Judicial Code, § 41(20), Title 28, U.S.C., 28 U.S.C.A. § 41(20), giving to the District Courts jurisdiction of suits against the United States for the recovery of taxes erroneously collected by a Collector who is out of office at the time suit is commenced.

The taxpayer contended that there were no deficiencies in taxes for the years 1926 to 1928, inclusive, and that the crediting by the Commissioner of the overpayments for the years 1922 to 1925, inclusive, against nonexistent deficiencies in taxes for other years constituted a denial of the taxpayer's refund claims.

The Government contended that the Commissioner, in allowing the overpayments and crediting them against alleged deficiencies for other years, had granted the taxpayer's claims for refunds; that the crediting of the overpayments to the claimed deficiencies for the years 1926 to 1928, inclusive, had the effect of paying or overpaying the taxes for those years, and that, since the taxpayer had filed no claims for the refund of taxes for those years, and since it was the action of the Commissioner, and not of the Collector, which caused the crediting of the overpayments to the alleged deficiencies, the court below was without jurisdiction. See Lowe Brothers Co. v. United States, 58 S.Ct. 896, 82 L.Ed. ——. The Government also contended that the deduction made by the taxpayer in 1926 was properly disallowed, and resulted in the deficiencies determined by the Commissioner for the years 1926 to 1928, inclusive.

The court below decided that it was the overpayments which were made by the taxpayer to the Collector for the years 1922 to 1925, inclusive, which were in controversy; that the court had jurisdiction of the case; that the deduction made by the taxpayer from gross income in 1926, whether penalty or interest or both, was a lawful deduction, and hence the crediting by the Commissioner of the overpayments for the years 1922 to 1925 to the claimed deficiencies for the years 1926 to 1928 was unlawful to the extent that such deficiencies were created by the failure of the Commissioner to allow the deduction.

Two questions are presented for determination:

(1) Was this suit maintainable as one to recover the overpayments which were admittedly made to the Collector by the taxpayer for the years 1922 to 1925, and for which timely claims for refund had been filed?

(2) If so, was the amount paid by the taxpayer in 1926 as penalty, interest, or both, under its agreement with the Commissioner settling its tax liability for the years 1917 to 1920, deductible from its gross income in 1926?

1. The taxpayer had a right to maintain this suit for the recovery of the overpayments made by it to the Collector. United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 542, 57 S.Ct. 855, 856, 81 L.Ed. 1272; United States v. Real Estate Savings Bank, 104 U.S. 728, 26 L.Ed. 908; National Fire Ins. Co. v. United States, Ct.Cl., 52 F.2d 1011, 1013, 1014; Ohio Steel Foundry Co. v. United States, Ct.Cl., 38 F.2d 144, 149; Churchill v. Welch, D.C., 12 F. Supp. 174; Libby, McNeill & Libby v. United States, Ct.Cl., 9 F.Supp. 673, 680; American Woolen Co. v. United States, Ct.Cl., 18 F.Supp. 783, 788; Pratt &

Whitney Co. v. United States, Ct.Cl., 6 F.Supp. 574; Id., Ct.Cl., 10 F.Supp. 148, certiorari denied 295 U.S. 760, 55 S.Ct. 919, 79 L.Ed. 1702; Moses v. United States, 2 Cir., 61 F.2d 791, certiorari denied 289 U.S. 743, 53 S.Ct. 689, 77 L.Ed. 1490; John F. Jelke Co. v. Smietanka, 7 Cir., 86 F.2d 470, certiorari denied 300 U.S. 669, 57 S.Ct. 511, 81 L.Ed. 876. The cause of action accrued at the time the overpayment was made to the Collector. Guettel v. United States, 8 Cir., 95 F.2d 229. The crediting of the overpayments, by the Commissioner, against taxes due from the taxpayer for other years was a matter of defense, a justification for the failure to refund, and not a matter which destroyed the taxpayer's cause of action or ousted the court of jurisdiction. In the taxpayer's suit the Government, to justify its retention of the overpayments or any part of them, might assert any defense, legal or equitable, Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265; Crossett Lumber Co. v. United States, 8 Cir., 87 F.2d 930, 109 A.L.R. 1348, for "in such a suit the Commissioner may secure a final adjudication of his right to withhold the overpayment * * * on the ground that other taxes are due from the taxpayer, or that upon other grounds he is not equitably entitled to the refund", United States ex rel. Girard Trust Co. v. Helvering, supra, 301 U.S. page 543, 57 S.Ct. page 857; and the taxpayer could only recover so much of its overpayments as it could show that the Government was not entitled to retain.

We need not decide whether the taxpayer might have filed claims for refund of taxes for the years 1926 to 1928, inclusive, upon the theory that the taxes for those years had been overcredited.[2]

■ 2. In computing the taxpayer's liability for the years 1917 to 1920, inclusive, for the purpose of settlement of the deficiencies for those years, the 6% interest upon the deficiencies which the Commissioner agreed to accept in *compromise* of "the penalty to be assessed * * * as the result of the negligent understatement of * * * tax liability for the taxable years 1917, 1918, 1919, and 1920", variously referred to as "penalty interest on tax deficiency", and "total interest", and "penalty", is shown to be $788,879.21. That amount must have been one of three things: (1) a pure penalty for negligence; (2) interest on taxes due the Government; or (3) both penalty and interest. No negligence penalty for the year 1917 could lawfully have been imposed, since there was then no statute which authorized the imposition of any penalty for a negligent understatement of the tax. (The Revenue Act of 1916, Sec. 18, imposed a penalty and interest for failure to file a return and for making a false return. 39 Stat. 775.) Section 250(b) of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1082, 1083, provided: "If the understatement is due to negligence on the part of the taxpayer, but without intent to defraud, there shall be added as part of the tax 5 per centum of the total amount of the deficiency, plus interest at the rate of 1 per centum per month on the amount of the deficiency of each installment from the time the installment was due." Since the total deficiency for the years 1918, 1919 and 1920 was $1,764,076.86, the 5% statutory penalty for negligence which might have been imposed was $88,203.84. See United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299. The Commissioner could not have intended to compromise a negligence penalty of $88,203.84 by imposing a negligence penalty of $788,879.29. That would have been a contradiction in terms. What the taxpayer and the Commissioner evidently agreed to was that there should be added to the deficiencies in taxes for 1917, 1918, 1919 and 1920,

---

[2] United States v. Swift & Co., 282 U.S. 468, 51 S.Ct. 202, 75 L.Ed. 464; Routzahn v. Reeves Bros. Co., 6 Cir., 59 F.2d 915, certiorari denied 287 U.S. 650, 53 S.Ct. 97, 77 L.Ed. 562; Gans S. S. Line v. Bowers, 2 Cir., 82 F.2d 181, certiorari denied 298 U.S. 676, 56 S.Ct. 940, 80 L. Ed. 1397; United States v. Reeves Bros. Co., 6 Cir., 83 F.2d 121, certiorari denied 299 U.S. 573, 57 S.Ct. 37, 81 L.Ed. 422; Moses v. United States, 2 Cir., 61 F.2d 791, certiorari denied 289 U.S. 743, 53 S.Ct. 689, 77 L.Ed. 1490; United States v. Piedmont Mfg. Co., 4 Cir., 89 F.2d 296; United States v. John Gallagher Co., 6 Cir., 83 F.2d 368; Lowe Bros. Co. v. United States, 6 Cir., 92 F.2d 905, affirmed May 16, 1938, 58 S.Ct. 896, 82 L. Ed. ——. Compare Arthur C. Harvey Co. v. Malley, D.C., 52 F.2d 885; Parks & Woolson Mach. Co. v. United States, Ct.Cl., 58 F.2d 868; certiorari denied 287 U.S. 634, 53 S.Ct. 85, 77 L.Ed. 549; Rosenstadt & Waller, Inc., v. United States, Ct.Cl., 7 F.Supp. 287.

6% per annum, instead of the statutory 5% penalty and 1% per month interest upon the deficiencies for 1918, 1919 and 1920. It is as unreasonable to suppose that the exaction was all interest as to suppose that it was all penalty. So much of it as the taxpayer could show was interest was deductible from gross income in 1926.[3] It was unable to show that $88,203.84 of the exaction was not pure penalty, "the cost of delinquency". United States v. Childs, supra. The balance only of the exaction would, therefore, be deductible as interest.

■ But the Government contends that no part of the exaction may be regarded as interest because the Board in its orders, which were final and binding, referred to it as "penalty". It points to Backus v. United States, 59 F.2d 242, certiorari denied 288 U.S. 610, 53 S.Ct. 402, 77 L.Ed. 984, in which the Court of Claims held that the taxpayer's stipulations for the settlement of its tax liability for the years 1917 to 1920 were binding and that the consent orders of the Board were final and conclusive.

The question whether the amounts denominated "penalty" in the orders of the Board included also interest and whether the payment of them would entitle the taxpayer to a deduction from its gross income for the year 1926 was not before the Board. The function which the Board performed was to give effect to the stipulation of the parties. Its consent orders were conclusive as to the liability of the taxpayer. What the Board referred to as "penalty", the taxpayer and the Commissioner had also referred to as "penalty" in their stipulation. In using the words "penalty interest" and "penalty", the Commissioner, the taxpayer and the Board evidently had in mind the exaction authorized by statute in case of a negligent understatement of taxes. It is not unreasonable to refer to the entire statutory exaction as a "penalty", although that portion of it which is interest at 1% a month has been held to be mere compensation for delay.

We think that the orders of the Board did not convert so much of the "penalty" as was in fact deductible into a nondeductible item.

■ The court below concluded that so much of the exaction as was penalty and not interest would, nevertheless, be deductible as an ordinary and necessary expense of operating the business of the taxpayer.[4] The reasons which the court gives for that conclusion are persuasive. It is conceivable that a negligence penalty might be imposed under circumstances which would warrant its deduction as an ordinary and necessary business expense, but we should hesitate to say that all negligence penalties were always, or were usually, of that character. A penalty paid for a negligent understatement of taxes does not readily fit into the concept of an ordinary and necessary business expense. No doubt there are degrees of negligence in such matters. Without knowing more than what the record here shows, we think it cannot be said that whatever was exacted from this taxpayer by way of punishment for negligence was an ordinary and necessary expense of its business. The Commissioner disallowed the deduction. His ruling has the presumption of correctness. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212. The difficulties encountered in attempting to determine what are and what are not ordinary and necessary business expenses are well illustrated by the language of that opinion on pages 114, 115, 54 S.Ct. on page 9:

"Here, indeed, as so often in other branches of the law, the decisive distinctions are those of degree and not of kind. One struggles in vain for any verbal formula that will supply a ready touchstone. The standard set up by the statute is not a rule of law; it is rather a way of life.

---

[3] Interest paid upon federal taxes is a deductible item. Section 234(a)(2) of the Revenue Act of 1926 (44 Stat., Part 2, pp. 9, 41) provides that "all interest paid or accrued within the taxable year on its [the taxpayer's] indebtedness" shall be allowed as a deduction from gross income. Interest paid upon federal taxes is interest on a debt, United States v. Childs, supra; Price v. United States, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373, and is deductible. Penrose v.

United States, D.C., 18 F.Supp. 413; Klein's Federal Income Taxation, page 461, par. 16:18. See ruling of the Solicitor of Internal Revenue, O. 922, 2 Cumulative Bulletin, 227.

[4] Sec. 234(a)(1) of the Revenue Act of 1926, 44 Stat., Part 2, pp. 9, 41, provides that in computing the net income of a corporation, there shall be allowed as a deduction "all the ordinary and necessary expenses paid or incurred."

494

Life in all its fullness must supply the answer to the riddle."

And (page 115, 54 S.Ct. page 9):

"Unless we can say from facts within our knowledge that these are ordinary and necessary expenses according to the ways of conduct and the forms of speech prevailing in the business world, the tax must be confirmed."

We cannot say that, "according to the ways of conduct and the forms of speech prevailing in the business world", every statutory penalty imposed for a negligent understatement of taxes due is an ordinary and necessary expense to be charged against income, and not against capital. The Board of Tax Appeals has consistently refused to treat exactions made by way of punishment for derelictions as ordinary and necessary expenses of a business. Appeal of Backer et al., Executors, 1 B.T.A. 214; Appeal of Columbus Bread Co., 4 B.T.A. 1126; Great Northern Ry. Co. v. Com'r, 8 B.T.A. 225; Atlantic Terra Cotta Co. v. Com'r, 13 B.T.A. 1289; Bonnie Bros., Inc., v. Com'r, 15 B.T.A. 1231; Kossar & Co. v. Com'r, 16 B.T.A. 952; Terminal R. Association of St. Louis v. Com'r, 17 B.T.A. 1135, 1169; B. E. Levinstein v. Com'r, 19 B.T.A. 99. For example, in Kossar & Co. v. Com'r, supra, the Board of Tax Appeals disallowed a claimed deduction for penalty and interest imposed in connection with a State franchise tax. In Great Northern Ry. Co. v. Commissioner, 8 Cir., 40 F.2d 372, this Court sustained the Board's refusal to permit the Great Northern Railway Company to deduct, as ordinary and necessary expenses of its business, penalties paid for violation of federal statutes and regulations. See, also, Burroughs Building Material Co. v. Commissioner, 2 Cir., 47 F.2d 178; Chicago, R. I. & P. Ry. Co. v. Commissioner, 7 Cir., 47 F.2d 990; Tunnel R. R. of St. Louis v. Commissioner, 8 Cir., 61 F.2d 166. Compare National Outdoor Advertising Bureau, Inc., v. Helvering, 2 Cir., 89 F.2d 878, 879, 881.

The taxpayer regards these cases as inapplicable, relating, as they do, to penalties for violations of criminal or quasi-criminal statutes, while here the penalty is purely civil. Helvering v. Mitchell, 58 S.Ct. 630, 82 L.Ed. ——. It refers to Helvering v. Hampton, 9 Cir., 79 F.2d 358, and Anderson v. Commissioner, 10 Cir., 81 F.2d 457, 460, 104 A.L.R. 676, which recognize the right to deduct, as an ordinary and necessary business expense, damages for injuries to third persons resulting from tortious acts committed in the course of business. Damages for tort are imposed as compensation to an injured person, and not by way of punishment to the tort-feasor. McAllister v. Sloan, 8 Cir., 81 F.2d 707, 710; Miller v. Robertson, 266 U.S. 243, 257, 45 S.Ct. 73, 78, 69 L.Ed. 265; Birdsall et al. v. Coolidge, 93 U.S. 64, 68, 69, 23 L.Ed. 802; Dow v. Humbert et al., 91 U.S. 294, 299, 23 L.Ed. 368; Wicker v. Hoppock, 6 Wall. 94, 99, 18 L.Ed. 752. "The term 'penalty' involves the idea of punishment, and its character is not changed by the mode in which it is inflicted, whether by a civil action or a criminal prosecution." United States v. Chouteau, 102 U.S. 603, 611, 26 L.Ed. 246. It is true that at one time the Treasury Department recognized that negligence penalties might be deductible depending upon the facts and circumstances under which they were imposed. O. 926, 1 Cumulative Bulletin, 241, 242. This ruling, it seems, was later revoked in G. C. M. 11,358, XII-1, Cumulative Bulletin 29, on the theory that it was in conflict with Great Northern Ry. Co. v. Commissioner, supra, 40 F.2d 372, Burroughs Building Material Co. v. Commissioner, supra, 47 F.2d 178, and Chicago, R. I. & P. Ry. Co. v. Commissioner, supra, 47 F.2d 990.

We go no further than to hold that in this case the taxpayer failed to show that so much of the exaction as was punitive was an ordinary and necessary expense of its business.

Our conclusions are as follows: (1) The suit was maintainable as one to recover the overpayments made by the taxpayer to the Collector for the years 1922 to 1925, inclusive. (2) Five per cent of the amount paid by the taxpayer in 1926 on deficiencies in taxes for the years 1918, 1919 and 1920 constituted a negligence penalty which was not deductible from gross income. The balance of the negligence "penalty" and interest paid by the taxpayer in 1926 was deductible from gross income.

The case is remanded to the court below with directions to amend the judgment in conformity with this opinion. When so amended, the judgment will stand

Affirmed.