### COMMISSIONER OF INTERNAL REVENUE v. LONGHORN PORTLAND CEMENT CO.

### SAME v. SAN ANTONIO PORTLAND CEMENT CO.

No. 11203.

Circuit Court of Appeals, Fifth Circuit.

March 27, 1945.

Melva M. Graney, Sewall Key, and A. F. Prescott, Sp. Assts. to the Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and B. D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for Commissioner of Internal Revenue.

James H. Yeatman, of Houston, Tex., and A. N. Moursund, of San Antonio, Tex., for the taxpayers.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES Circuit Judge.

Respondents are Texas corporations engaged in the manufacture and sale of cement. The State of Texas, alleging that these corporations had violated the antitrust laws of the state, filed a suit against them to recover statutory penalties and other affirmative relief. Each corporation paid the sum of $50,000 to the state in 1939 in compromise of the suit, and an agreed judgment was entered which recited that said payments were in full satisfaction of all claims of the state for penalties for the alleged violations of law, but that the defendants did not thereby admit, or estop themselves to deny, the truth of the allegations of the petition against them. The question for decision is whether the sums so paid were deductible by the corporations in their income tax returns for 1939 as ordinary and necessary business expenses.

The Tax Court, finding that the corporations did not admit their guilt and were not proven guilty, and that the compromise settlement was made by them because they believed a defense of the suit would be more expensive than the settlement even if the verdict was favorable, held that the compromise payments were not penal in nature and were deductible as ordinary and necessary business expenses.[1] The Commissioner insists that the payments were made as penalties for violations of a state law, and invokes the doctrine that tax deductions may not be allowed when their effect is to frustrate the public policy of a state. We deem it unnecessary to discuss the factual considerations that persuaded the Tax Court to its decision favoring the taxpayers; for, conceding the truth of every fact found, the issue is controlled by principles other than those applied by it.

The sense of the rule that statutory penalties are not deductible from gross income is that the penalty is a punishment inflicted by the state upon those who commit acts violative of the fixed public policy of the sovereign, wherefore to permit the violator to gain a tax advantage through deducting the amount of the penalty as a business expense, and thus to mitigate the degree of his punishment, would frustrate the purpose and effectiveness of that public policy.[2]

The test universally employed to determine the applicability of the doctrine to any such claimed deduction is whether the sums claimed were paid as penalties. Thus all expenses incurred in the successful defense of a suit to impose a fine or penalty against a business are deductible.[3] Even expenses incurred in unsuccessfully resisting the issuance of a fraud order, which would destroy one's business, are not required to be denied as a matter of law; if deduction for such expense is to be denied, it must be because allowance would frustrate sharply defined public policies.[4]

Though the solution of such issues usually turns upon the taxpayer's guilt or innocence of a crime, the ultimate determinative

---

[1] 3 T.C. 310.

[2] Great Northern R. Co. v. Commissioner of Internal Revenue, 8 Cir., 40 F.2d 372; Burroughs Bldg. Material Co. v. Commissioner of Internal Revenue, 2 Cir., 47 F.2d 178; United States v. Jaffray, 8 Cir., 97 F.2d 488; Standard Oil Co. v. Commissioner of Internal Revenue, 7 Cir., 129 F.2d 363; Helvering v. Superior Wines & Liquors, 3 Cir., 134 F.2d 373. Cf. Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171.

[3] Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; Commissioner of Internal Revenue v. Peoples-Pittsburg Trust Co., 3 Cir., 60 F.2d 187.

[4] Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171.

inquiry upon this appeal is whether the deduction claimed was paid as a penalty. This is illustrated by cases where, due to a compromise settlement, the question · of guilt or innocence was not established, yet the deduction claimed was disallowed to the extent that it represented a payment made to extinguish a cause of action to impose a penalty.[5]

The suit of the State of Texas against these defendants for violations of the anti-trust laws was a suit to impose a personal penalty upon the defendants.[6] The sums now claimed as business expenses were paid "in full satisfaction of all claims of the State of Texas for penalties for the alleged violations of law." In accordance with the principles discussed and the authorities cited, we hold that the deductions claimed should not have been allowed.

The decisions of the Tax Court are reversed, and the causes remanded for further proceedings not inconsistent with this opinion.

---

5 United States v. Jaffray, 8 Cir., 97 F. 2d 488; Standard Oil Co. v. Commissioner of Internal Revenue, 129 F.2d 363; Helvering v. Superior Wines & Liquors, 134 F.2d 373.

6 Waters-Pierce Oil Co. v. State of Texas, 48 Tex.Civ.App. 162, 106 S.W. 918; Id., 103 Tex. 676; Id., 212 U.S. 86, 29 S.Ct. 220, 53 L.Ed. 417.