## GREAT NORTHERN RY. CO. v. COMMIS-SIONER OF INTERNAL REVENUE.

### No. 8579.

Circuit Court of Appeals, Eighth Circuit.

March 29, 1930.

J. P. Plunkett, of St. Paul, Minn. (F. G. Dorety, of St. Paul, Minn., on the brief), for appellant.

John Vaughan Groner, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and P. S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before STONE and BOOTH, Circuit Judges, and REEVES, District Judge.

STONE, Circuit Judge.

This is a petition for review of a determination of a corporate income tax deficiency of appellant for the year 1917. The dispute is concerning the propriety of the ruling by the Board of Tax Appeals that two items should not be regarded as deductible operating expenses for that year.

I. The first and principal item is $422,-677.80. This item is for transportation of men and material used in connection with betterments and additions going into capital account. Neither this labor nor material has anything to do with repairs, replacements, and maintenance. The labor and material involved here are entirely devoted to additions and betterments. The railway uses two methods of transporting its workmen and material to the points of such construction. The first is by work or material trains devoted to that purpose. The second is by transporting the men on regular passénger trains and by shipping the material in regular freight trains. Where the men and material are transported according to the first method, the entire actual cost of the transportation is charged against the construction. Where such transportation is under the latter method, there is no way of definitely, or even approximately, determining the expense thereof to the carrier. Both the carriers and the Interstate Commerce Commission recognized that such latter expense existed and that it was proper to be accounted for in the capital account. Representatives of the railways and of the Commission seem to have had some little conference over how such amounts should be determined. The final result was a promulgation by the Commission, on July 1, 1914, of an accounting classification, known as "General Accounting No. 8." This classification provided that such expenditures should be entered under the heading "transportation for investment-credit," and that such should be on the basis of a fair allowance representing the cost of such transportation, and that where such allowance did not exceed six mills per ton mile for material and one cent per passenger mile for workmen the Commission would not examine the basis upon which the carriers had reached such results. In accordance with this classification, appellant entered upon its books un-

der the above item the amount of $422,677.80 on the basis of the above maximum, six mills and one cent permitted by the Commission for the year 1917. It made no reduction thereof from its gross income in its tax return.

It is obvious that this expenditure was a capital account and in no wise chargeable to operating expenses. Therefore, whatever its amount, it should not be used in reduction of net income.

 Even if it were so deductible, we think the conclusion of the Board of Tax Appeals should not be disturbed. The claim of appellant is that the amount should be governed by the actual cost thereof and that such cost was far under the above sum, in fact, could not exceed $41,799.45. As a matter of principle and theory, this position is correct. However, it is very evident that the nature of such costs is such that it is impossible to even approximate them as a matter of fact. The appellant contends that it was put to no additional expense in transporting the few men at a time on a regular passenger train as this involved no additional equipment or service expense, because the trains upon which the transportation occurred would have been run in the same way whether these workmen were carried or not. A similar contention is made concerning the carriage of the material, except that appellant makes a rather grudging concession that the sum of $41,799.45 might be apportioned to this because of the cost of repairs to freight cars, fuel, and water for steam locomotives and electric power for electric locomotives. It hardly seems reasonable to say that the transportation of workmen which, in 1917, was the equivalent of 3,220,609 men one mile, did not cost the appellant anything or that the transportation of material for that year which was the equivalent of 65,076,446 ton miles, was nothing or practically nothing. The entire evidence and argument seem merely to show that there is an actual expense for transporting the men and material, but that the amount of such expense cannot possibly be ascertained with anything like approximation, but must be estimated rather vaguely. This difficulty is evidently what led the Commission to fixing a definite maximum which it would allow, without examination,

for such purposes. Unquestionably, that maximum was the result of investigation and intended to represent an estimate of the average for such costs. This appellant adopted that maximum. According to its own evidence, it did so "as representing reasonable allowances for the value of these services." If there was an advantage in its selection of that basis, it got the advantage thereof in its capital account upon which its rates would be based. It cannot now say that such entry in its own books for that purpose is not competent evidence of the facts supposed to be represented thereby. The burden is upon it to show that such were less. This burden it has attempted to sustain. This presented a question of conflicting evidence before the Board of Tax Appeals, and we do not examine the verity of findings where such conflict exists.

The determination of the Board as to this item should be sustained.

 II. The other item, amounting to $4,-587.02, represents penalties paid during the year 1917 by the appellant for violation of federal statutes or regulations. This amount appellant sought to deduct as an ordinary operating expense. The disallowance thereof by the Commissioner and the sustaining of such disallowance is the matter in dispute here. The character of these expenditures is such that they should not be regarded as coming within the statutory definition of deductible operating expenses. It is true that they arose in connection with the operation of the road, but it is also true that they arose entirely from unlawful operation, prohibited specifically by statutes or regulations. It cannot be that Congress intended the carrier should have any advantage, directly or indirectly, or any reduction, directly or indirectly, of these penalties. Clarke, Collector, v. Haberle Crystal Springs Brewing Company, 280 U. S. 384, 50 S. Ct. 155, 74 L. Ed. ——, and Renziehausen v. Lucas, Commissioner, 280 U. S. 387, 50 S. Ct. 156, 74 L. Ed. ——, both decided by Supreme Court, January 27, 1930. As to this item, the determination of the Board was correct.

## Conclusion.

The petition to review the determination of the Board should be and is dismissed, at the costs of the appellant.