PROTEST OF HALES-MULLALY, INC. HALES-MULLALY, INC., v. OKLAHOMA TAX COMMISSION.

*100 P. 2d 274.*

No. 29285.   Jan. 23, 1940.

Rehearing Denied March 19, 1940.

W. K. Garnett and Chas. H. Garnett, both of Oklahoma City, for plaintiff in error.

Dick Jones, A. L. Herr, and C. D. Stinchecum, all of Oklahoma City, for defendant in error.

DAVISON, J. This is an appeal by Hales-Mullaly, Inc., from an order of the Oklahoma Tax Commission upholding the assessment of an additional income tax against said corporation and denying its protest against said assessment.

The Oklahoma Tax Commission appears in support of its order as appellee.

The sum upon which the tax was assessed is the amount of $51,788.08, which the corporation expended in the settlement of a damage suit filed as cause No. 89388 in the district court of Oklahoma county against the appellant herein, together with W. T. Hales, Carter Mullaly, J. R. McBrayer, George A. Hales, Harry Canup, Nash P. Truss, L. W. Hadley, Cecil Severns, and Glenn A. Taylor, as defendants, by Harbour-Longmire Company, as plaintiff. Of this sum, $16,585.-33 was the total amount paid said plaintiff for its dismissal of said action against all of said defendants named therein and was paid entirely by Hales-Mullaly, Inc. The remaining $35,202.75 of the sum in question was paid to the firm of attorneys that said corporation had employed to defend it in said action.

Harbour-Longmire Company's asserted cause of action in the above-mentioned suit was predicated upon the alleged wrongful acts of the defendants therein in carrying out a conspiracy to deprive said plaintiff of certain wholesale merchandising business. According to said plaintiff's petition, its losses were brought about by various and sundry wrongful acts of the defendants whereby Hales-Mullaly, Inc., was ultimately enabled to acquire distribution franchises for certain gas and electric appliances formerly held by the plaintiff under which said wholesale merchandising business had been established. The sum that Harbour-Longmire Company sought from the defendants as actual damages for the loss of said business, and certain property not necessary here to mention, was $596,739.53 in addition to exemplary damages in the sum of $500,000.

The settlement hereinbefore mentioned was effected after the above-described allegations were denied in an answer filed in said cause, but before a trial was had upon the issues joined therein.

In its claim that an assessment of the income tax upon the $51,788.08 expended by it as above related is erroneous, the appellant takes the position that said sum is a lawful deduction from its gross income, under the following provisions of the Oklahoma Income Tax Act of 1935 (sec. 9, art. 6, chap. 66, S. L. 1935) to wit:

"In computing the net income, there shall be allowed as deductions from gross income:

"(a) All the ordinary and necessary expenses paid during the taxable year, in carrying on any trade or business. * * *

"(d) Losses actually sustained by the taxpayer during the taxable year and not compensated for by insurance or otherwise:

"(1) If incurred in trade or business; or

"(2) If incurred in any transaction entered into for profit, though not connected with the trade or business * * *."

The appellee concedes that expenses incurred, including attorneys' fees, in litigation arising out of and connected with a taxpayer's business, including amounts he pays in settlement of such litigation and in satisfaction of judgments recovered therein, constitute ordinary and necessary business expenses and are deductible from the gross income of said business as such, but it con-

tends that the litigation here in question does not come within said classification.

A portion of the argument in support of this position proceeds from the agreed fact that Hales-Mullaly, Inc., was not organized nor incorporated until after the alleged formulation of the conspiracy, whose operation, according to the allegations of Harbour-Longmire Company's petition in cause No. 89388, supra, is asserted to have been the cause of the damages therein sought. Upon the basis of these facts, it seems to be the contention of the appellee not only that said litigation did not arise out of and was not connected with the business of Hales-Mullaly, Inc., but that said corporation was not liable for the injuries claimed to have been suffered by reason of the individual defendants' alleged conspiracy, and therefore that the sums in question were expended to dispose of liability which was not its own but was an alleged liability of said individuals, voluntarily assumed by it.

We cannot uphold either of the foregoing contentions. To begin with, an examination of the allegations of Harbour-Longmire's petition in cause No. 89388, supra, readily discloses that said litigation arose out of and was very closely connected with the business of Hales-Mullaly, Inc. It was through the organization and operation of this corporation that the individual defendants named in said action were able to deprive Harbour-Longmire Company of its wholesale merchandising business and thereby inflict the largest loss for which said company sought damages, according to the allegations of its petition. In said pleading it is claimed that a portion of the business of Hales-Mullaly, Inc., consisted in selling merchandise upon orders and under franchises obtained as the result of the individual defendants' conspiracy. There can be little doubt that cause No. 89388 would never have been instituted against Hales-Mullaly, Inc., had it not in the course of its business acquired the franchises, hereinbefore mentioned, and deprived Harbour-Longmire Company of the profits it allegedly would otherwise have enjoyed from the sales made under said franchises. In view of these considerations it is our opinion that cause No. 89388, supra, must be classified as "litigation arising out of and connected with" the appellant's business.

In support of the appellee's contention that the sums expended by the appellant for the defense and settlement of cause No. 89388, supra, are not deductible from its gross income because they were disbursed in order to dispose of a liability it had voluntarily assumed, counsel cites the decision in the case of Blackwell Oil & Gas Co. v. Commissioner of Internal Revenue, 60 F. 2d 257, and other decisions to the effect that sums expended for such a purpose are not "ordinary and necessary business expenses" within the meaning of provisions of federal statutes containing language (Revenue Acts of 1921, 1924, 1926, 1928; 42 Stat. 254; 43 Stat. 283, 284; 44 Stat. 41, 42; 45 Stat. 799, 800) said to be identical to that contained in the subdivisions hereinbefore quoted from our State Income Tax Law. Counsel for the appellant point out that the expenditures in the present case are distinguishable from those involved in the cited cases for the reason that they were not made to dispose of a debt or liability voluntarily assumed, and as clearly distinguishing this case from the Blackwell Oil & Gas Company Case, they call our attention to the fact that the expenditure there was for the compromise of a suit to which said company was not a party. Counsel for the appellee recognize that difference between the two cases, but they call our attention to certain language in the cited opinion to demonstrate that said decision was not based upon the fact that the oil and gas company was not a party to the action, whose settlement it paid for, but rather upon the court's opinion that it "was not liable for the cause of action compromised." From an examination of the language referred to, it plainly appears that it was employed by the court merely to demonstrate the lack of merit in the contention of counsel for the Blackwell Oil & Gas Company that the liability involved in said action belonged to said company

even though it was not made a party to said action. As we view the opinion, it constitutes no authority for the proposition that whether funds expended by a corporation in defending or settling an action in which judgment is sought against it, as a defendant, constitute an ordinary and necessary expense in carrying on its business, depends upon whether said defendant could correctly be held liable therein. In our opinion the question of whether the liability asserted in such an action could successfully be established by a prosecution of the action to a judgment is not a proper issue in a controversy like the present. Even though the action were groundless and without basis either in law or fact, as long as the corporation remained a defendant therein, there would be a possibility that judgment might be rendered against it. If a taxpayer's right under provisions such as subdivision (a) of section 9, article 6, chap. 66, S. L. 1935, to deduct from its gross income in computing its taxable income the expense of defending or settling litigation instituted against it were dependent upon the possibility of the judgment therein sought against it being granted or entered, then the rule allowing such deductions as an ordinary and necessary expense would not exist in the form conceded by the appellee, but would be subject to such a material alteration or qualification that its present efficacy would all but be destroyed. In view of the foregoing consideration, it is not only unnecessary but inappropriate in the present case to attempt a determination of whether the allegations in the petition filed on behalf of Harbour-Longmire Company as the plaintiff in cause No. 89388, supra, in the district court of Oklahoma county, constituted any legal basis for the judgment therein sought against the appellant, herein.

The next contention of the appellee proceeds upon the premise that in the action on account of which the sums in question were expended, the appellant was charged with a tort committed wantonly, willfully, and maliciously for which exemplary as well as actual damages were sought. For this reason they assert that said litigation is analogous to a prosecution for a crime, and therefore on the ground of public policy, the expense of disposing of or defending such charges cannot be deemed "ordinary and necessary expense paid * * * in carrying on * * * trade or business." Counsel fail, however, to give reasons or authority showing that the analogy which they attempt to fabricate brings the expenditure in question within the rule concerning the expense of defending criminal actions. On the contrary, it has been said that there is no analogy between the two kinds of expenses and held that under the federal act (Revenue Act of 1921) the expenses of defending a tort action are deductible as ordinary and necessary business expenses. See Helvering v. Hampton (9th C. C. A.) 79 F. 2d 358. Indeed, we perceive of no element in wrongdoing between individuals that should place expenditures incurred in such controversies within the operation of the precepts of public policy which have impelled the courts to deny deductions claimed for expenses incurred in defending actions involving crimes against the public.

In view of these considerations it is our opinion that the deduction from gross income of expenses incurred in defending or settling tort actions arising out of and connected with a taxpayer's business is authorized under the provision hereinbefore quoted from subdivision (a), section 9, art. 6. chap. 66, S. L. 1935, as it is under identical provisions of the federal acts.

There is no merit to the appellee's claim that the appellant's act of entering the expenses in question on its books and records of account under a heading entitled "extraordinary expenses" constitutes a refutation of its counsel's argument in the present case. It is of no consequence here as to what said expenditures were labeled on the taxpayer's books. They are in fact and in law what their nature shows them to be, without regard to the name or designation given them in the taxpayer's books of account.

For the foregoing reasons, it is our

opinion that the Oklahoma Tax Commission should have sustained the protest of the appellant in this cause. Accordingly, the order herein appealed from is hereby reversed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur. RILEY and GIBSON, JJ., dissent.

GIBSON, J. (dissenting). I cannot agree that the taxpayer is entitled to the claimed deduction as "ordinary and necessary expenses * * * in carrying on any trade or business * * *."

From the evidence and the stipulation of the parties it appears that the expenditure for which the taxpayer claims a deduction was made by the taxpayer in settlement of a claim by a third person for damages resulting to that person from the acts of certain individuals conspiring to deprive the third person of some of his franchises and business and giving them òver to the taxpayer, a corporation subsequently formed by the alleged conspirators.

In Deputy et al. v. DuPont, 60 S. Ct. 363, 84 L. Ed. ___, decided January 8, 1940, it is said:

"* * * Allowance of deductions from gross income does not turn on general equitable considerations. It 'depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed.' New Colonial Ice Co., Inc., v. Helvering, 292 U. S. 435, 440, 54 S. Ct. 788. And when it comes to construction of the statutory provision under which the deduction is sought, the general rule that 'popular or received import of words furnishes the general rule for the interpretation of public laws,' Maillard v. Lawrence, 16 How. 251, 261, is applicable."

It cannot be said that the transaction resulting in the taxpayer's expenditure was an "ordinary" one in the conduct of its business.

"Ordinary has the connotation of normal, usual, or customary. To be sure, an expense may be ordinary though it happen but once in the taxpayer's lifetime. Cf. Kornhauser v. United States, 276 U. S. 145, 48 S. Ct. 219. Yet the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved." Deputy v. DuPont, supra. See, also, Welch v. Helvering, 290 U. S. 111, 54 S. Ct. 8.

That the taxpayer's payment may have been beneficial to it or necessary for its continued existence are not grounds for allowance of the payments as deductions. Dalton v. Bowers, 287 U. S. 404, 53 S. Ct. 205; Welch v. Helvering, supra.

Furthermore, the expenses for which a deduction can be allowed under the statute must be both *necessary and ordinary*. Welch v. Helvering, supra; Deputy v. DuPont, supra.

The Tax Commission has found that the expenses for which a deduction is claimed were not ordinary and necessary in carrying on the taxpayer's business. In my opinion the evidence sustains that finding, and its order denying the deduction should be sustained.