T.C. Memo. 2009-184

UNITED STATES TAX COURT

KENNETH H. AND SUSAN W. BEARD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13372-06.               Filed August 11, 2009.

<u>Robert E. McKenzie</u> and <u>Adam S. Fayne</u>, for petitioners.

<u>Thomas D. Yang</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  In a notice of deficiency sent April 13, 2006, respondent determined that petitioner Kenneth Beard (Mr. Beard) had overstated his basis in two S corporations sold during the taxable year 1999, thus causing an understatement of gross income by more than 25 percent of the amount stated in

petitioners' return.[1]  The issue for decision is whether, under those circumstances, petitioners omitted income, giving rise to an extended 6-year period of limitations.  This issue has been presented by petitioners' motion for summary judgment under Rule 121 and respondent's notice of objection, and supplemental briefs from both parties.

## Background

For purposes of the pending motion, the following facts have been assumed.  At the time they filed their petition, petitioners resided in Illinois.  Mr. Beard was a majority shareholder in two S corporations, MMCD, Inc. (MMCD), and MMSD, Inc. (MMSD).  Mr. Beard had a 76-percent stock ownership interest in each entity.

On August 24, 1999, petitioners entered into short sales whereby they borrowed U.S. Treasury notes from a third party and sold them for cash to another third party.  These sales generated $12,160,000 in cash.

On August 25, 1999, petitioners used this cash to buy more Treasury notes in two transactions of $5,700,000 and $6,460,000.  On the same day petitioners transferred to MMCD and MMSD the purchased Treasury notes of $5,700,000 and $6,460,000, respectively, together with the short positions (the obligation

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

following the short sale to replace the borrowed securities). On the same day MMCD and MMSD sold their Treasury notes and closed the short positions on the Treasury notes for $7,500,000 and $8,500,000, respectively.

On August 29, 1999, Mr. Beard sold his entire interest in MMCD and in MMSD to Unicom, an unrelated third-party purchaser, for $6,574,939 and $7,638,211, respectively.

On April 11, 2000, petitioners jointly filed their 1999 Federal income tax return. On their Schedule D, Capital Gains and Losses, petitioners claimed a cost basis of $6,161,351 in MMCD and $7,638,463 in MMSD and net gains from the sales of the shares of $413,588 and $992,748, respectively. Petitioners also reported gross proceeds from the sale of Treasury notes of $12,125,340, a cost basis of $12,160,000, and a resulting net loss of $34,660. There is no indication on Schedule M-2, Analysis of Accumulated Adjustments Account, Other Adjustments Account, and Shareholders' Undistributed Taxable Income Previously Taxed, of the 1999 income tax return of either MMCD or MMSD that the S corporations had assumed the liability to cover the short position in Treasury notes.

On April 13, 2006, respondent issued a notice of deficiency reducing petitioners' bases in the MMCD and MMSC stock by

$5,700,000 and $6,460,000, respectively.[2]  The result was a $12,160,000 increase in the capital gain from the sale. Respondent contends that the bases in the MMCD and MMSC stock were inflated because they were not reduced by the liability to close the short position.

On July 11, 2006, petitioners filed a timely petition with this Court.  On September 11, 2007, petitioners filed a motion for summary judgment on the ground that the notice of deficiency was issued after the period of limitations had expired. Petitioners contend that overstatement of basis is not an omission from gross income for purposes of the extended period of limitations under section 6501(e)(1)(A).

On February 19, 2008, respondent filed his notice of objection to petitioners' motion, agreeing that the material facts necessary to determine whether petitioners actions constitute an omission from gross income are not in dispute. Respondent contends, however, that there is a genuine issue of fact as to whether the notice of deficiency was timely issued under section 6501(e).

---

[2]Respondent also disallowed $155,858 of petitioners' itemized deductions.

- 5 -

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985). The Court will view any factual material and inferences in the light most favorable to the nonmoving party. <u>Dahlstrom v. Commissioner</u>, <u>supra</u> at 821; <u>Naftel v. Commissioner</u>, <u>supra</u> at 529.

Under the general rule set forth in section 6501(a), the Internal Revenue Service is required to assess the tax (or send a notice of deficiency) within 3 years after a Federal income tax return is filed. Section 6501(e)(1)(A) extends the limitations period to 6 years "If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return".

Section 6501(e)(1)(A) was first enacted as section 275(c) of the Revenue Act of 1934 (1934 Revenue Act), Ch. 277, 48 Stat.

745.  See <u>Badaracco v. Commissioner</u>, 464 U.S. 386, 392 (1984).

In 1954 Congress made several changes to this provision.  See H.

Rept. 1337, 83d Cong., 2d Sess. A414 (1954); S. Rept. 1622, 83d

Cong., 2d Sess. 584-585 (1954).  Section 6501(e)(1)(A)(i)

provides an exception to the general definition of gross income,

stating that

> In the case of a trade or business, the term 'gross
> income' means the total of the amounts received or
> accrued from the sale of goods or services * * * prior
> to the diminution by the cost of such sales or
> services.

Also, section 6501(e)(1)(A)(ii) provides a "safe harbor" for a

taxpayer who otherwise has made a substantial omission, stating

that

> In determining the amount omitted from gross income,
> there shall not be taken into account any amount which
> is omitted from gross income stated in the return if
> such amount is disclosed in the return, or in a
> statement attached to the return, in a manner adequate
> to apprise the Secretary of the nature and amount of
> such item.

Respondent argues that the overstatement of basis in a

context outside of the sale of goods or services should constitute

an omission from gross income and thus trigger the 6-year

limitations period under section 6501(e)(1)(A).[3]

---

[3]Respondent also argues, alternatively, that petitioners'
transfer of Treasury notes to the S corporations should be recast
as bona fide and that petitioners' two S corporations omitted
income from their returns by failing to report the close of their
short positions.  See sec. 1.1233-1(a)(1), Income Tax Regs.  In a
short sale, the timing of gain or loss recognition remains open
                                                    (continued...)

In <u>Colony, Inc. v. Commissioner</u>, 357 U.S. 28, 33, 37 (1958), the Supreme Court, interpreting section 275(c) of the 1934 Revenue Act, the predecessor of section 6501(e), held that the extended period of limitations applies to situations where specific income receipts have been "left out" in the computation of gross income and not when an understatement of gross income resulted from an overstatement of basis.  The facts of <u>Colony</u> dealt with a taxpayer who developed and sold lots in a subdivision.  <u>Id.</u> at 30-31.

In <u>Bakersfield Energy Partners, LP v. Commissioner</u>, 128 T.C. 207 (2007), affd. 568 F.3d 767 (9th Cir. 2009), a partnership (Bakersfield) which owned oil and gas property used the Internal Revenue Code's partnership termination and transfer provisions to increase its basis in that property before selling it to a third party in 1998.[4]  The Commissioner issued a notice of final

---

[3](...continued)
until the seller closes the sale by replacing the borrowed property.  <u>Hendricks v. Commissioner</u>, 51 T.C. 235, 241 (1968), affd. 423 F.2d 485 (4th Cir. 1970).  Respondent contends that, if petitioners' bases in the S corporations were increased by their transfer of Treasury notes to MMCD and MMSD, the S corporations should have recognized gain of $12,160,000 when they closed the short sale obligation.  Respondent's reasoning is flawed, however, as his analysis does not take into account the transfer of petitioners' short sale obligation to MMCD and MMSD, which lowered petitioners' bases in both S corporations by the same amount their bases were raised through the transfer of the Treasury notes.  See Rev. Rul. 95-45, 1995-1 C.B. 53.  Ultimately, respondent's alternative argument results in the same overstatement of basis issue present in the notice of deficiency.

[4]Specifically, four of the seven partners in Bakersfield took the following steps to increase Bakersfield's zero basis in
(continued...)

partnership administrative adjustment (FPAA) almost 6 years after Bakersfield filed its return for 1998, and Bakersfield contended that the FPAA was untimely under Colony.  Because Bakersfield did not omit any income receipt or accrual in its computation of gross income, we held that the Supreme Court's decision in Colony applied and Bakersfield's overstatement of basis did not trigger the extended limitations period.  Bakersfield Energy Partners, LP v. Commissioner, supra at 215-216.  As part of our holding, we stated that neither "the language or the rationale of Colony, Inc. can be limited to the sale of goods or services by a trade or business."  Id. at 215.

Respondent contends that Bakersfield was wrongly decided and that Colony should be limited to cases where the taxpayer is

---

⁴(...continued)
its oil and gas property:  (1) The four partners formed a new partnership, Bakersfield Resources, L.L.C. (Resources); (2) the four partners sold their partnership interests in Bakersfield to Resources for $19,924,870.  The four partners held a collective majority stake in Bakersfield and thus caused a technical termination of the Bakersfield partnership and the formation of a new partnership in which Resources held a majority interest under sec. 708(b)(1)(B); (3) the new Bakersfield partnership elected to increase its basis in partnership assets by the $19,924,870 sale price of the partnership interests sold to Resources following the transfer of partnership interest pursuant to secs. 754 and 743.  Bakersfield allocated $16,515,194 of its new $19,924,870 basis to its oil and gas property and the rest to its other assets; (4) Bakersfield sold its oil and gas property to a third party for $23,898,611.

involved in the sale of goods and services.[5]  First, respondent argues that Colony's interpretation of section 275(c) of the 1934 Revenue Act is not binding because its successor statute, section 6501(e)(1)(A), is materially different (the materiality argument). Second, respondent argues that Colony interpreted section 275(c) of the 1934 Revenue Act as having the same meaning as section 6501(e)(1)(A)(i) and thus Colony should apply only to taxpayers who realize gross receipts from sales or services in the course of a trade or business (the interpretation argument).

The Commissioner raised these same arguments with regard to Bakersfield in the Court of Appeals for the Ninth Circuit. Bakersfield Energy Partners, LP v. Commissioner, 568 F.3d at 775. Addressing the materiality argument, the Court of Appeals for the Ninth Circuit noted that Congress did not change the language in the body of section 6501(e)(1)(A), which is identical to the

---

[5]Several cases have questioned the continuing viability of Colony, Inc. v. Commissioner, 357 U.S. 28 (1958) in the light of the 1954 amendments to sec. 6501(e)(1)(A).  For example, in CC & F W. Operations Ltd. Pship. v. Commissioner, 273 F.3d 402, 406 n.2 (1st Cir. 2001), affg. T.C. Memo. 2000-286, the Court of Appeals for the First Circuit stated that "Whether Colony's main holding carries over to section 6501(e)(1) is at least doubtful", suggesting that the Supreme Court's gross income test applies only to sales of goods and services covered by sec. 6501(e)(1)(A), but not to other types of income.  That position, however, was not adopted by other Courts of Appeals.  Most recently, the Court of Appeals for the Federal Circuit determined that there was no "basis for limiting Colony's holding concerning the 'omits from gross income' language of I.R.C. § 275(c) to sales of goods or services by a trade or business."  Salman Ranch Ltd v. United States, __ F.3d __ (Fed. Cir., July 30, 2009) (slip op. at 20).

language in section 275(c) of the 1934 Revenue Act that the Supreme Court construed in Colony.[6] Id. at 775-776. Addressing the interpretation argument, the Court of Appeals noted that the Supreme Court expressly avoided construing the 1954 Code and "did not even hint" that its interpretation of section 275(c) of the 1934 Revenue Act was limited to cases in which the taxpayer was engaged in a trade or business. Id. at 778.

We believe that it would be inappropriate to "distinguish and diminish the Supreme Court's holding in Colony". Bakersfield Energy Partners, LP v. Commissioner, 128 T.C. at 215. The principles of Colony apply where a taxpayer overstates his basis. In both Colony and Bakersfield the taxpayers artificially inflated their bases in assets that were subsequently sold. Although Colony dealt with the sale of land and Bakersfield with the sale

---

[6]The Court of Appeals for the Ninth Circuit also dismissed the Commissioner's sub-argument that applying Colony to the 1954 Code would render sec. 6501(e)(1)(A)(i) superfluous:

> Section 6501(e)(1)(A) requires a comparison of two numbers: (1) the "gross income" omitted with (2) the "gross income" stated in the return. If the first number divided by the second number is greater than 25%, then the 6-year limitations period applies. Because § 6501(e)(1)(A)(i) changes the definition of "gross income" for taxpayers in a trade or business, it potentially affects both the numerator (the omission from gross income) and the denominator (the total gross income stated in the return). Colony's holding, however, affects only the numerator, by defining what constitutes an omission from gross income.

Bakersfield Energy Partners, LP v. Commissioner, 568 F.3d 767, 776 (9th Cir. 2009), affg. 128 T.C. 207 (2007).

of oil and gas property, in neither case did the taxpayer fail to report gross income on a return for purposes of the extended limitations period.

We assume that petitioners overstated the bases of their S corporations on their 1999 return. Under <u>Colony</u> and <u>Bakersfield</u>, petitioners did not omit income from their return such as would subject them to the extended period of limitations. Accordingly, petitioners' motion for summary judgment will be granted.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and</u>
<u>decision will be entered</u>.